DOMENGEAUX, Chief Judge,
dissenting in part.
I dissent from the affirmation of the $530,000 general damage award to Eunice Risley. As the majority states, a trial court’s award should not be disturbed unless the record reveals that the trier of fact abused its discretion. See Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). In this case, in my view, the jury did abuse its discretion.
First, the facts presented by the plaintiffs do not support the $530,000 award. Certainly, the Risleys had a strong and loving marriage. However, the record in *954 this case is void of any evidence indicating that Eunice has been unable to cope with Frank’s loss or has had any unusual difficulties since his death. She offered no testimony as to how his death affected her. I believe the majority errs in assuming facts which were not presented in the trial court.
Second, the jurisprudence does not support the $530,000 award. An examination of prior awards for similar injuries serves as an aid in determining whether the award complained of is disproportionate when viewed in light of the facts of the case. See Thomas v. West Calcasieu-Cameron Hospital, 497 So.2d 375 (La.App.3d Cir.1986). General damage awards to surviving spouses are generally in the $200,000 to $350,000 range.
Only in rare cases have I been inclined to disturb a jury award. This is such an exceptional case because the award at issue is supported neither by facts nor law. Because I believe the jury abused its discretion, I feel we are compelled to reduce the award to the highest amount “reasonably within the discretion afforded [the trial] court.” Coco, 341 So.2d at 335. Accordingly, I believe the highest amount supported by the evidence, in light of pertinent jurisprudence, is $350,000.
I dissent from the affirmation of the general damage award to Eunice Risley. In all other respects, I agree with the majority’s holding.